ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| ANA MARÍA ORTIZ APONTE<br><br>Peticionaria<br><br>v.<br><br>REGALADO MALDONADO HERNÁNDEZ<br><br>Recurrido<br><br>AIDA LUZ MALDONADO ORTIZ<br><br>Interventora | KLCE202400058 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Caso Núm.: AI2022CV00013<br><br>Sobre: Liquidación de Comunidad Postganancia de Bienes |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 14 de marzo de 2024.

Comparece la señora Ana María Ortiz Aponte (en adelante, señora Ortiz Aponte y/o peticionaria) mediante *Petición de Certiorari* para solicitarnos la revisión de la *Resolución* emitida el 14 de diciembre de 2023 y notificada el 19 de diciembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Aibonito (en adelante, TPI).[1] Mediante la *Resolución* recurrida, el foro primario declaró *No Ha Lugar* la *Moción en Solicitud de Dictamen de Sentencia Sumaria* presentada por la peticionaria.

Por los fundamentos que expondremos, se *deniega* la expedición del auto de *Certiorari.*

---

[1] Apéndice de la peticionaria, a las págs. 428-456.

Número Identificador

RES2024_____

**I**

El 24 de enero de 2022, la peticionaria presentó una *Demanda* sobre liquidación de comunidad postganancial de bienes contra el señor Regalado Maldonado Hernández (en adelante, señor Maldonado Hernández y/o recurrido).[2] Adujo que estuvo casada con el recurrido bajo el régimen de Sociedad Legal de Gananciales (en adelante, SLG) y que posteriormente se divorciaron mediante una *Sentencia* notificada el 23 de diciembre de 2021. Sostuvo que, durante el matrimonio amasaron diversos bienes y también generaron deudas que en el presente forman parte de una comunidad postganancial sujeta a una liquidación. En la *Demanda,* la peticionaria detalló los bienes muebles e inmuebles, negocios en marcha, cuentas bancarias y activos líquidos que presuntamente pertenecían a la referida comunidad. Además, la peticionaria detalló las deudas.

Tras razonar que le pertenecía una porción no inferior al cincuenta por ciento (50%) de los activos generados en la comunidad e indicar que no deseaba permanecer en un estado de indivisión comunitaria, solicitó al foro primario que ordenara la confección de un inventario y avalúo de los activos comunitarios con miras a su liquidación. También, alegó que el recurrido administró exclusiva y excluyentemente los activos comunitarios, por lo que expuso que, de este haber incurrido en actos que hubiesen resultado en pérdidas para la comunidad, se le determinara como responsable y, en virtud de lo anterior, le respondiera a la peticionaria de aquella porción que le hubiese respondido a esta, como resarcimiento del perjuicio causado.

Por su parte, el 25 de marzo de 2022, recurrido presentó su *Contestación a Demanda* y una *Reconvención.*[3] En síntesis, arguyó

---

[2] *Id.,* a las págs. 1-6.
[3] *Id.,* a las págs. 8-11.

que la peticionaria reclamó la división y disolución de bienes que son inexistentes y/o que no le pertenecen a la comunidad. Por ejemplo, en lo concerniente al predio de terreno y la estructura residencial ubicados en la Urbanización Panoramas de Aibonito, alegó que la propiedad fue cedida a la hija de las partes la señora Aida Luz Maldonado Ortiz (en adelante, señora Maldonado Ortiz y/o Interventora). Abundó que la señora Maldonado Ortiz ha estado pagando y poseyendo la propiedad en calidad de dueña por los pasados nueve (9) años. Expresó que, como parte de la comunidad también existían deudas, las cuales este continuó pagando sin aportación alguna de la peticionaria. De igual forma, alegó haber realizado un ofrecimiento a la peticionaria para compensarla por su participación en la comunidad, la cual fue rechazada. El recurrido solicitó al TPI que declarara Con Lugar la Reconvención y Sin Lugar la *Demanda.*

En esa misma fecha, el recurrido presentó una *Contestación Enmendada a Demanda* con el único fin de alegar que en el presente caso faltaba la señora Maldonado Ortiz como parte indispensable.[4] En respuesta, el 5 de abril de 2023, la peticionaria presentó su *Réplica a Reconvención.*[5] Alegó que, el ofrecimiento que le hizo el recurrido no guardaba ni remota proporción con lo que le correspondía en derecho.

De ahí, el 11 de abril de 2022, la peticionaria presentó una *Demanda Enmendada.*[6] En respuesta, el 11 de mayo de 2022, el recurrido presentó su *Contestación a Demanda Enmendada.*[7]

Luego de varios incidentes procesales, los cuales incluyeron la celebración de una vista en la cual se determinó dar por culminado el descubrimiento de prueba y las fechas para la

---

[4] *Id.,* a las págs. 12-15.
[5] *Id.,* a las págs. 16-18.
[6] *Id.,* a las págs. 19-24. La *Demanda* fue enmendada a los fines de incluir unas alegaciones que no son pertinentes a la controversia de autos.
[7] Apéndice de la peticionaria, a las págs. 25-28.

presentación de mociones dispositivas,[8] el 20 de junio de 2022, la señora Maldonado Ortiz presentó una *Solicitud Urgente de Intervención.*[9] Adujo que las partes en este caso le cedieron un terreno y estructura ubicado en la Urbanización Panoramas de Aibonito en octubre de 2013, y que esta era quien costeaba la totalidad del pago de hipoteca de la misma. Acotó que, lo único que faltaba para materializar la donación era otorgar la correspondiente escritura. Suplicó al foro primario que se le permitiera intervenir en el caso y que se excluyera el inmueble del procedimiento de liquidación incoado.

En respuesta, el 28 de junio de 2022, la peticionaria presentó una *Moción en Oposición a Solicitud de Intervención.*[10] De ahí, el 28 de junio de 2022, notificada el 30 de junio de 2022, el foro primario emitió una *Orden* mediante la cual declaró Ha Lugar la solicitud de intervención.[11]

Así las cosas, el 7 de julio de 2023, la peticionaria presentó una *Moción en Solicitud de Dictamen de Sentencia Sumaria.*[12] En ella, plasmó cinco (5) hechos que juzgó se encontraban incontrovertidos. En respuesta, mediante *Orden* emitida el 7 de julio de 2023 y notificada el 11 de julio de 2023, el foro primario denegó la solicitud de presentada por la peticionaria.[13]

Inconforme con la determinación de foro primario en torno a la solicitud de intervención, el 12 de julio de 2022, la peticionaria presentó una *Moción en Solicitud de Reconsideración.*[14] En respuesta, mediante *Resolución* emitida el 22 de agosto de 2022 y notificada el 25 de agosto de 2022, el foro primario se sostuvo en su

---

[8] *Id.,* a las págs. 268-269.
[9] *Id.,* a las págs. 295-298.
[10] *Id.,* a las págs. 299-358.
[11] *Id.,* a la pág. 359.
[12] *Id.,* a las págs. 30-259.
[13] *Id.,* a las págs. 260-261.
[14] *Id.,* a las págs. 360-366.

determinación inicial de que la señora Maldonado Ortiz se mantuviese como Interventora.[15]

Por otro lado, en desacuerdo con la denegatoria de la solicitud de sentencia sumaria, el 17 de julio de 2023, la peticionaria presentó una *Moción en Solicitud de Reconsideración*,[16] la cual fue denegada mediante una *Orden* emitida el 17 de julio de 2023 y notificada el 19 de julio de 2023.[17]

Así las cosas, y ante la inconformidad de la peticionaria con la *Resolución* emitida por el foro primario, presentó un recurso de *Certiorari* en el alfanumérico KLCE202300875. En dicho recurso, este Panel, mediante una *Sentencia* emitida el 28 de septiembre de 2023, determinó expedir el auto de *Certiorari* y revocamos la *Resolución* emitida el 7 de julio de 2023 y notificada el 11 de julio de 2023.[18] En consecuencia, devolvió el caso al foro primario para que concediera un término a la parte aquí recurrida para presentar su oposición a la solicitud de sentencia sumaria presentada en su contra. Además, dispusimos que el TPI debía evaluar tanto la solicitud de sentencia sumaria como su oposición y emitir un dictamen conforme lo exige la Regla 36.4 de las de Procedimiento Civil.[19]

De lo que sigue, el 3 de enero de 2023, la peticionaria presentó una *Moción en Solicitud de Desestimación de la Reconvención*.[20] Luego, el 26 de enero de 2023, el recurrido presentó una *Moción en Oposición en Solicitud de Desestimación de la Reconvención*.[21] En respuesta, mediante *Resolución* emitida el 29 de enero de 2023, y

---

[15] *Id.,* a la pág. 367.
[16] *Id.,* a las págs. 262-265.
[17] *Id.,* a la pág. 267.
[18] *Id.,* a la pág. 260.
[19] *Id.,* a las págs. 284-294. 32 LPRA Ap. V, R. 36.4.
[20] *Id.,* a las págs. 368-378.
[21] *Id.,* a las págs. 379-385.

notificada al día siguiente, el foro primario declaró No Ha Lugar la solicitud de desestimación de la reconvención.[22]

Por otro lado, regresando al trámite procesal ordenado por esta Curia al TPI en la *Sentencia* emitida en el alfanumérico KLCE202300875, el 5 de diciembre de 2023, el recurrido y la Interventora presentaron una *Moción Conjunta en Oposición a Solicitud de Sentencia Sumaria.*[23]

En respuesta, mediante *Resolución* del 14 de diciembre de 2023, notificada el 19 de diciembre de 2023, el foro primario declaró No Ha Lugar la solicitud de sentencia sumaria presentada por la peticionaria.[24] En su *Resolución*, el TPI concluyó que no se debía adjudicar controversia alguna, cuando la controversia real estaba basada y fundamentada en la credibilidad que le pudiese merecer al juzgador. Dispuso que existían controversias de hechos y de derecho, por lo que no se podía disponer del caso mediante el mecanismo de la sentencia sumaria. Aun cuando el TPI denegó la solicitud de sentencia sumaria, emitió cinco (5) determinaciones de hechos incontrovertidos y dispuso que existían seis (6) asuntos en controversia.

En desacuerdo, el 17 de enero de 2024, la peticionaria presentó una *Petición de Certiorari* en la cual esgrimió la comisión de catorce (14) errores por el foro primario.[25]

Mediante *Resolución* del 18 de enero de 2024, este Tribunal concedió término a la peticionaria para acreditar el cumplimiento con la Regla 33 (A) y la Regla 33 (B) del Reglamento de este Tribunal de Apelaciones.[26] Por su parte, el 22 de febrero de 2024, la interventora presentó su *Memorando en Oposición a Expedición de*

---

[22] *Id.,* a la pág. 386.
[23] *Id.,* a las págs. 387-427.
[24] *Id.,* a las págs. 428-456. Véase, además, el Sistema Unificado de Manejo y Administración de Casos (SUMAC), a la Entrada 349.
[25] Véase *Petición de Certiorari,* a las págs. 5-7.
[26] 4 LPRA Ap. XXII-B, R.33 (A) y (B).

*Auto de Certiorari.* Además, se le concedió a la parte recurrida hasta el 27 de febrero de 2024, para expresarse en torno al recurso presentado, quien presentó su *Alegato Parte Demandada-Recurrida* el 27 de febrero de 2024. Con el beneficio de la comparecencia de las partes procederemos a disponer del recurso ante nuestra consideración.

## II

### A. Expedición del Recurso de *Certiorari*

Los recursos de *Certiorari* presentados ante el Tribunal de Apelaciones deben ser examinados en principio bajo la Regla 52.1 de las Reglas de Procedimiento Civil.[27] Esta Regla limita la autoridad y el alcance de la facultad revisora de este Tribunal mediante el recurso de *Certiorari* sobre órdenes y resoluciones dictadas por los Tribunales de Primera Instancia. La Regla lee como sigue:

> [...]
> El recurso de Certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de Certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.[28]
> [...]

Por su parte, la Regla 52.2 (b) dispone sobre los términos y efectos de la presentación de un recurso de *Certiorari* que:

> [...]
> (b) *Recurso de "certiorari"* [...]
> Los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de

---

[27] 32 LPRA Ap. V, R. 52.1.
[28] *Id.*

Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari.*[29]

[…]

El recurso de *Certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[30] A diferencia del recurso de apelación, el auto de *Certiorari* es de carácter discrecional.[31] Expedir el recurso "no procede cuando existe otro recurso legal que protege rápida y eficazmente los derechos de la parte peticionaria".[32] Conviene desatacar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[33] A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[34] La Regla 40 del Reglamento del Tribunal de Apelaciones[35], esboza los criterios que el Tribunal deberá considerar para expedir un auto de *Certiorari,* como sigue:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

---

[29] 32 LPRA Ap. V, R. 52.2 (b).
[30] *800 Ponce de León, Corp. v. American International Insurance Company of Puerto Rico,* 205 DPR 163, 174 (2020).
[31] *Rivera Figueroa v. Joes's European Shop,* 183 DPR 580, 596 (2011).
[32] *Id.*
[33] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013).
[34] *Id.*
[35] 4 LPRA Ap. XXII-B, R.40.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo de Puerto Rico (en adelante, Tribunal Supremo) ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[36] Quiérase decir, no hemos de interferir con los Tribunales de Primera Instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último: (i) actuó con prejuicio o parcialidad, (ii) incurrió en un craso abuso de discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[37]

**III**

Habida cuenta de que el recurso ante nuestra consideración se trata de un *Certiorari*, este tribunal revisor debe determinar, como cuestión de umbral, si procede su expedición.

Esta es la segunda ocasión en que este Panel tiene ante su consideración la revisión de la denegatoria de una solicitud de sentencia sumaria presentada por la peticionaria. En la primera ocasión, determinamos expedir y revocar al foro primario de modo tal que diese oportunidad a las partes opositoras a fijar posición en torno a la solicitud instada por la peticionaria puesto a que dispuso de la referida solitud pretiriendo del expresado trámite procesal. Cumplido lo anterior, las partes opositoras fijaron posición y el foro primario emitió una *Resolución* en la cual incluyó sus

---

[36] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).
[37] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

determinaciones de hechos no controvertidos, así como que enumeró los que sí estimó controvertidos y que ameritan la celebración de una vista evidenciaria.

Como es sabido, un tribunal apelativo no intervendrá con el ejercicio de la discreción de los Tribunales de Primera Instancia, salvo que se demuestre que dicho tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[38] Puntualizamos, que el *Certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior.[39] A esos efectos, la naturaleza discrecional del recurso de *Certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones de los Tribunales de Primera Instancia, de cuyas determinaciones se presume su corrección. Ahora bien, la expedición del recurso de *Certiorari* al amparo de la Regla 52.1 de las Reglas de Procedimiento Civil,[40] no opera en el vacío; tiene que anclarse en una de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones.[41]

Ahora bien, es menester destacar que, la revisión de una denegatoria de sentencia sumaria procede *de novo* ante este Tribunal revisor. Empero, luego de haber evaluado el expediente en su totalidad, incluyendo, además, la *Resolución* objeto de revisión, así como el derecho aplicable, no hemos encontrado que el foro primario haya actuado con prejuicio o parcialidad, que haya habido un craso abuso de discreción, ni tampoco que la determinación sea manifiestamente errónea. Es por lo anterior, que no procede nuestra intervención en esta etapa de los procedimientos. El señalamiento

---

[38] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[39] *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).
[40] 32 LPRA Ap. V, R. 52.1.
[41] 4 LPRA Ap. XXII-B, R.40.

de error y los fundamentos aducidos en la petición presentada no logran activar nuestra función discrecional en el caso de autos. Por tanto, en virtud de lo dispuesto en la Regla 52.1 de las Reglas de Procedimiento Civil,[42] y la Regla 40 del Reglamento de este Tribunal,[43] acordamos denegar la expedición del auto de *Certiorari.*

El dictamen recurrido encuentra cómodo resguardo en la sana discreción de la primera instancia judicial. Además, razonamos que la peticionaria no nos ha persuadido de que, al aplicar la norma de abstención apelativa en este momento, conforme al asunto planteado constituirá un rotundo fracaso de la justicia. Por todo lo antes mencionado, no atisbamos razón para intervenir con la determinación recurrida.

Lo aquí resuelto, advertimos, no tiene efecto de juzgar o considerar en los méritos ninguna de las controversias de derecho planteadas por las partes, de modo que estas podrían ser planteadas nuevamente en una etapa posterior. Es decir, la denegatoria de esta Curia a expedir un recurso de *Certiorari* no implica que el dictamen revisado esté libre de errores o que constituya una adjudicación en los méritos.[44] Esto es así, ya que, como es sabido, una resolución de denegatoria de un auto de *Certiorari* no implica posición alguna de este Tribunal respecto a los méritos de la causa sobre la cual trata dicho recurso.[45] La resolución denegatoria simplemente es indicio de la facultad discrecional del tribunal revisor de negarse a revisar en determinado momento una decisión emitida por el TPI. [46]

**IV**

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *Certiorari* y se devuelve el caso al foro primario para la continuación de los procedimientos.

---

[42] 32 LPRA Ap. V, R. 52.1.
[43] 4 LPRA Ap. XXII-B, R. 40.
[44] *Cacho Pérez v. Hatton Gotay,* 195 DPR 1, 12 (2016).
[45] *SLG v. Pauneto Rivera,* 130 DPR 749, 755 (1992).
[46] *Id.,* 756.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones